NOT FOR PUBLICATION (Doc. No. 4)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| Deedra L. BOWEN, *individually and for all others similarly situated*, | : : : |
| Plaintiff, | : Civil No. 15–6942 (RBK/AMD) |
| v. | : **OPINION** |
| HYUNDAI MOTOR AMERICA, *et al.*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This action under the New Jersey Truth in Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. 56:12–14 to –18 comes before the Court on Defendant Hyundai Motor America's Motion to Dismiss Plaintiff Deedra L. Bowen's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons expressed below, Defendant's Motion to Dismiss (Doc. No. 4) is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**I.     STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits

attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002).

In making this determination, a three-part analysis is needed. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitled for relief. *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## II. BACKGROUND

Defendant is a manufacturer and distributor of automobiles and automotive parts. Notice of Removal, Ex. 1 ("Compl.") ¶ 6. On October 22, 2013, Plaintiff purchased a 2013 Hyundai Sonata. *Id.* ¶ 10. The vehicle came with the Hyundai Blue Link® Telematics System ("Blue

Link"). *Id.* ¶ 31–33. Blue Link "is a communications system that connects the vehicle with emergency services when requested and provides subscribers with routing and location information, as well as security features." Def.'s Br. at 1 (citing Compl. ¶¶ 33, 37). Defendant issued the Blue Link Subscription Agreement ("Blue Link Agreement") to Plaintiff when she purchased the vehicle. Compl. ¶¶ 31–33, 35. Plaintiff now brings a putative class action against Defendant, raising TCCWNA violations predicated on the Blue Link Agreement. *Id.* ¶ 30. She filed her Complaint in the Superior Court of New Jersey, Law Division, Atlantic County on July 31, 2015. *See* Pl.'s Opp'n Br. at 2. Defendant timely removed the matter to this Court on September 18, 2015 (Doc. No. 1).

### III.   DISCUSSION

Plaintiff brings two claims against Defendant, asserting that the Blue Link Agreement violates the TCCWNA, N.J.S.A. 56:12–14 to –18. *See generally* Compl. Defendant argues that Plaintiff's claims are time-barred because the Blue Link Agreement contains a one-year limitations provision, and Plaintiff did not bring her claims within one year of accrual. *See* Def.'s Br. at 4. Plaintiff does not dispute that the Blue Link Agreement contains a one-year limitations provision. She argues that her claims did not accrue when she received the Blue Link Agreement, or alternatively that the contractual limitations provision is unenforceable. Pl.'s Opp'n Br. at 5–7.

####   A.   Accrual of TCCWNA Claims

A cause of action accrues when "the right to institute and maintain a suit first arises." *Hartford Accidental and Indem. Co. v. Baker*, 208 N.J. Super. 131, 135 (Law Div. 1985). TCCWNA claims accrue when a consumer receives the contract that violates the TCCWNA. *See Kendall v. CubeSmart L.P.*, 2015 WL 7306679 at *3 (D.N.J. Nov. 19, 2015) (citing *Sexton v.*

3

*Wells Fargo Bank, N.A.*, 2014 WL 8102957 (N.J. Super. Law Div. Dec. 23, 2014)). A consumer's claim under Section 15 of the TCCWNA arises when she "enter[s] into any written consumer contract . . . which includes any provision that violates any clearly established legal right of a consumer[.]" *See* N.J.S.A. 56:12–15. A consumer's claim under Section 16 of the TCCWNA arises when a consumer contract "state[s] that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey[.]" *See* N.J.S.A. 56:12–16.

Plaintiff received the Blue Link Agreement on October 22, 2013. *See* Compl., Ex. B. Because she could have brought any TCCWNA claims predicated on the Blue Link Agreement as soon as she received the Blue Link Agreement, her claims accrued on October 22, 2013. The Blue Link Agreement contains a one-year limitations provision. *See id.* ¶ 15C. If that limitations provision is enforceable, Plaintiff had until October 22, 2014 to timely bring her TCCWNA claims. If that limitations provision is not enforceable, the statutory limitations period for claims under the TCCWNA is the New Jersey default limitations period of six years. *See* N.J.S.A. 2A:14–1.

      B.     **Reasonableness of the Contractual Limitations Provision**

The Supreme Court of New Jersey has held that reasonable contractual limitations provisions are enforceable. *See Eagle Fire Protection Corp. v. First Indem. of America Ins. Co.*, 145 N.J. 345, 354 (1996). To be reasonable, a contractual limitations provision must (1) allow the claimant "sufficient opportunity to investigate and file an action," (2) not set a limit "so short as to work a practical abrogation of the right of action," and (3) not bar the action "before the loss or damage can be ascertained." *Martinez-Santiago v. Public Storage*, 38 F. Supp. 3d 500,

507 (D.N.J. 2014) (citing *Eagle Fire*, 145 N.J. at 359)). Plaintiff had one year from the purchase of her vehicle and the receipt of the Blue Link Agreement to investigate her claims and file an action. A one-year contractual limitations provision is not "so short as to work a practical abrogation of the right of action." *See Martinez-Santiago*, 38 F. Supp. 3d at 506–07 ("New Jersey courts, including courts in this District, have upheld reasonable contractual limitations provisions of one year or less when the applicable statutes of limitations exceeded those time frames.").

Plaintiff's reliance on the result in *Martinez-Santiago* is misplaced. In that case, the consumer had not "suffered any ascertainable loss[]" upon receipt of the lease agreement. *Id.* at 507–08. In this case, Plaintiff's claims predicated upon the Blue Link Agreement arose when she accepted the Blue Link Agreement, and her damages were ascertainable at that time.[1] This Court therefore finds that the Blue Link Agreement's limitations provision allows a reasonable amount of time in which Plaintiff could have brought her claims.

This Court further concludes that the one-year limitations provision is not unreasonable as contrary to public policy. This Court acknowledges that the Supreme Court of New Jersey recently held invalid as contrary to public policy a contractual limitations provision that shortened the two-year limitations period for a private action under the New Jersey Law Against Discrimination ("LAD"). *See Rodriguez v. Raymours Furniture Co.*, — A.3d —, 2016 WL 3263896 at *11 (N.J. June 15, 2016). But that case is clearly distinguishable because of the "unique importance" of the LAD. *See id.* at *12. Absent such uniquely important public policy

---

[1] "Any person who violates the provisions of [the TCCWNA] shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." N.J.S.A. 56:12–17. *See also* Compl. ¶¶ 115, 121.

concerns, courts should uphold the right of the freedom to contract. *See id.* at *9. Because the Blue Link Agreement's one-year limitations provision is both reasonable in time and not contrary to public policy, it is therefore well within "[t]he boundaries of what is reasonable[.]" *Martinez-Santiago*, 38 F. Supp. at 507.

### C. Unconscionability

To the extent that Plaintiff argues that the one-year limitations provision is unenforceable as unconscionable because the Blue Link Agreement was a "contract . . . of adhesion" and "not the product of arms' length negotiation[,]" Pl.'s Opp'n Br. at 6, this Court disagrees. It is clear that "courts may refuse to enforce contracts, or discrete contract provisions, that are unconscionable." *Rodriguez*, 2016 WL 3263896 at *12. Courts must "focus on the procedural and substantive aspects of a contract of adhesion in order to determine whether the contract is so oppressive . . . or inconsistent with the vindication of public policy . . . that it would be unconscionable to permit its enforcement." *Delta Funding Corp. v. Harris*, 189 N.J. 28, 40 (2006). The Blue Link Agreement's one-year limitations provision is not substantively unconscionable. *See Martinez-Santiago*, 38 F. Supp. 3d at 506–07 (collecting cases). Although it is clear that Defendant "possessed superior bargaining power and was the more sophisticated party in the transaction . . . that level of procedural unconscionability does not, by itself" render a contract unenforceable. *Id.* Because the Blue Link Agreement is not unconscionable, the one-year limitations provision bars Plaintiff's claims as untimely.

### D. Leave to Amend

This Court finds that the limitations provision contained in the Blue Link Agreement is reasonable and enforceable. Because Plaintiff failed to file her TCCWNA claims by October 22, 2014, her claims are time-barred. Defendant's Motion to Dismiss will therefore be granted.

6

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment would be futile in this case because Plaintiff's claims are time-barred as a matter of law. Plaintiff's claims are therefore dismissed with prejudice.

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

Dated:  06/22/2016                                                                                         s/ Robert B. Kugler

                                                                                                                           ROBERT B. KUGLER

                                                                                                                           United States District Judge